JAMES F. McKAY III, CHIEF JUDGE
Margaret Gammage (hereinafter Ms. Kramer) and Frederick Christian Kramer (hereinafter Mr. Kramer) were married on June 10, 2010, and separated on December 20, 2014. Of the marriage, one child was born on June 15, 2012. On April 29, 2015, the parties entered into a consent agreement of joint shared custody of the minor child, wherein during the interim spousal support period Mr. Kramer was to pay 100% of the minor child's expenses inclusive of the minor child's summer camp, pool membership, and daycare/childcare assistance when Ms. Kramer is unavailable due to work. Interim spousal support was for twelve months from May 1, 2015. After twelve months, the minor child's summer camp, tuition and school fees, and all mutually agreed upon extracurricular activities were to be divided with Mr. Kramer responsible for 89% and Ms. Kramer responsible for 11%. The parties also agreed to a 2-2-3 physical custody schedule when Mr. Kramer is in town.
A judgment of divorce was granted on March 7, 2016. On July 29, 2016, Ms. Kramer was awarded permanent spousal support in the monthly amount of $1,743.00 until June 12, 2017.
On May 24, 2017, Ms. Kramer filed a motion to extend final spousal support. Ms. Kramer asserted that she had applied to over thirty prospective employers and was only able to obtain a temporary job as a court reporter. She prayed for an extension of final support until the end of 2017 or until she can find full-time employment. In addition, Ms. Kramer prayed that she be relieved of her obligation to pay any portion of the minor child's educational expenses.
On June 23, 2017, Mr. Kramer filed a rule for contempt and a rule to amend custody schedule. He averred that Ms. Kramer should be held in contempt for her failure to pay her 11% share of the minor child's educational expenses. In addition Mr. Kramer asserted that it was in the *783 best interest of the minor child to modify the physical custody schedule.
On August 17, 2017, Ms. Kramer's motion to extend final spousal support and Mr. Kramer's rules for contempt and to amend custody came for a hearing before the trial court. Following the hearing, the court denied Ms. Kramer's motion to extend final spousal support. The court also denied Mr. Kramer's rule to amend custody schedule. However, Mr. Kramer's rule for contempt was denied in part and granted in part. Mr. Kramer's rule for contempt was granted as to the minor child's school tuition and denied as to extracurricular expenses. Ms. Kramer was cast in judgment with court costs plus $300.00 in attorney's fees. A written judgment was signed on September 25, 2017. It is from this judgment that Ms. Kramer now appeals.
On appeal, Ms. Kramer raises the following assignments of error: 1) the district court erred in denying Ms. Kramer the ability to relocate for the opportunity to make a livable salary, have retirement benefits and have access to health care along with overwhelming family support to help raise the minor child; 2) the district court erred in casting tuition costs upon Ms. Kramer when pursuant to La. R.S. 17:221, "every parent residing within the state of Louisiana, having control or charge of any child from that child's seventh birthday until his eighteenth birthday, shall send such a child to a public or private day school"; 3) the district court erred in adding an end date to the permanent spousal support award; and 4) the district court erred in ruling on a child support modification when a motion was filed, foundation was laid, and facts were presented.
With regards to Ms. Kramer's first assignment of error, this issue was not addressed in the district court's judgment of September 25, 2017. As such, this assignment of error is not properly before this Court and will not be addressed. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Melerine v. O'Conner, 2013-1073 (La.App. 4 Cir. 2/26/14), 135 So.3d 1198.
In her second assignment of error, Ms. Kramer alleges that the trial court erred in casting tuition costs upon her. She is not required to pay such costs because of La. R.S. 17:221. Ms. Kramer's reliance on La. R.S. 17:221 is not relevant. That statute states that a parent or guardian is not legally required to enroll a child in school until the child reaches a certain age. However, that statute is not applicable in the instant case due to the agreement between the parties. Ms. Kramer agreed to pay her percentage of the tuition costs in the stipulated judgment of April 29, 2015. The minor child has attended Newman School since preschool by agreement of the parties.
Because a final judgment ordered Ms. Kramer to pay her percentage of the tuition costs, the district court found Ms. Kramer in contempt of court for her failure to adhere to the judgment of April 29, 2015. Holding a party in constructive contempt of court must be based on a finding that the accused violated an order of the court intentionally, purposely, and without justifiable excuse. State through Department of Children and Family Services, Child Support Enforcement v. Knapp, 2016-0979, p. 13 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 149 (citation omitted). Ms. Kramer provided no justifiable excuse for not paying her percentage of the tuition costs. As such, we find no error in the district court's finding her in contempt.
In Ms. Kramer's third assignment of error, she alleges that the district court *784 erred in putting an end date on the permanent spousal support award. However, the district court put an end date on the permanent spousal support award in the July 29, 2016 judgment. That judgment is not the subject of this appeal.
Ms. Kramer's fourth and final assignment of error concerns the issue of modification of child support. In the September 25, 2017 judgment, which is the subject of this appeal, the district court did not address the issue of a modification in child support. Therefore, for the same reasons as stated above, this assignment of error is not properly before this Court and will not be addressed.
For the above and foregoing reasons, the district court's judgment of September 25, 2017 is affirmed.
AFFIRMED